No. 20,210.

THE CITY OF EMPORIA, *Plaintiff*, v. THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, *Defendant*.

### SYLLABUS BY THE COURT.

MANDAMUS—*Opening Street Crossing—Judgment on Pleadings Denied.* The facts alleged in an answer and return to an alternative writ of mandamus examined, and held to require that plaintiff's motion for judgment on the pleadings be overruled.

Original proceeding in mandamus. Opinion filed April 7, 1917. Motion for judgment on the pleadings overruled.

*Gilbert H. Frith*, of Emporia, for the plaintiff.

*William R. Smith*, of Topeka, and *William Osmond*, of Great Bend, for the defendant.

The opinion of the court was delivered by

DAWSON, J.: The city of Emporia applies for a writ of mandamus directing the Santa Fe Railway Company to proceed forthwith to comply with a resolution of the city government, which reads:

"Resolved, That The Atchison, Topeka & Santa Fe Railway Company open State street at Third avenue for public travel."

The defendant's answer and return to the alternative writ recites that in April, 1912, the city established the grade of State street about seventeen and one-half feet below the defendant's railway embankment; that the city's purpose in so doing was to accommodate a subway or undergrade crossing on State street; that in order to construct a surface or grade crossing at the intersection of State street and Third avenue it would require the defendant to change the grades established by the city's ordinances, which defendant has no lawful right to do, and would subject it to damage suits by the adjacent property owners. The answer also invokes the protection of the bill of rights and the fourteenth amendment, and concludes thus:

"Defendant further avers that there is no necessity for a surface crossing over defendant's railway at the intersection of Third avenue and State street and that said resolution of the board of commissioners

of the city of Emporia, dated May 18, 1915, was not passed in good faith, but for the sole and only purpose of requiring the defendant railway to construct at a large expense an undergrade crossing at State. street, which this court has heretofore decided it was not bound to do."

The plaintiff moves for judgment on the pleadings.

In 1912 the plaintiff applied to this court for a writ of mandamus requiring the defendant to build a subway at the intersection of Third avenue and Congress street, one block east of the place where the crossing is now demanded.

The defendant at that time contended that the logical place where the subway should be constructed was at the intersection of State street and Third avenue, and avowed its willingness to participate in the construction of a subway thereat. This was conceded by the city in its motion for judgment in that case, but this court issued a peremptory writ on January 11, 1913, directing the Santa Fe to construct the subway on Congress street as demanded by the plaintiff. (*City of Emporia v. Railway Co.*, 88 Kan. 611, 129 Pac. 161.) Some two years later the plaintiff applied to us for a writ of mandamus to compel the Santa Fe to construct a subway at the intersection of State street and Third avenue, where the railway company contended it should have been located in the first instance. The writ was denied. (*City of Emporia v. Railway Co.*, 94 Kan. 718, 147 Pac. 1095.)

Now the matter is renewed by this application for a writ requiring the defendant to construct some kind of a crossing. Scarcely two years ago we held that the requirement of a subway crossing at this place, only one block distant from the subway put in by our order in 1913, was unreasonable. Nothing is shown to indicate that there is any material change in the situation or that there is such an increase in population or congestion of business in the vicinity since the matter was last considered as to warrant the court in subjecting the railway to the expense of a subway crossing at this time. We again recognize the city's naked legal right to some sort of a crossing at this intersection, and that is conceded by the defendant. But it is not shown thus far, however, what sort of a crossing would be feasible without a reëstablishment of the street grades. It was intimated at the argument that there is some prospect that the litigants will be able to devise some practical

method of settling this question. This is the sensible thing to do. For the present, however, it needs no profound disquisition on the powers of a city and the duties of a railway company to show that on the facts pleaded by defendant, and conceded by plaintiff, for the purpose of procuring our opinion thereon, the motion for judgment on the pleadings must be overruled. (See *Drainage District v. Railway Co.*, 99 Kan. 188, 204, 206, and citations, 161 Pac. 937.)